```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

JANE DOE                        *
                                *
v.                              *   Civil Action No. WMN-14-2933
                                *
G.M. HOLDINGS, INC              *
                                *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**<u>MEMORANDUM</u>**

Plaintiff has been employed as an exotic dancer at a club owned and operated by Defendant G.M. Holdings, Inc. (G.M.). Plaintiff filed this action on September 16, 2014, against: G.M.; 408, LLC, another limited liability corporation associated with the club; and three individuals that had a financial interest in G.M.  In her Complaint, Plaintiff alleged that, while in G.M.'s employ, she "typically and customarily works approximately fifty-five (55) hours per week," Compl. ¶ 35, but was paid no wages.  <u>See id.</u> ¶ 51 (alleging that, as a result of Defendants' "fee and fine system," Plaintiff received "negative wages").  She brought this action under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 <u>et seq.</u> (FLSA) and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 <u>et seq.</u> (MWHL).

The Court dismissed 408, LLC and the three individual Defendants after Plaintiff failed to serve them in a timely manner, despite being given several extensions of time in which

to do so.  ECF No. 16.  Plaintiff served G.M. on or about September 20, 2014, but G.M. never filed an answer or otherwise responded to the Complaint.  On January 29, 2015, the Clerk of the Court entered default against G.M.  On or about April 10, 2015, Plaintiff filed a motion for default judgment against G.M.  ECF No. 10.  Because Plaintiff's claim was not for a sum certain, the Court scheduled a hearing for November 24, 2015, to determine the amount of damages.  After Plaintiff's counsel informed the Court that he was unable to confirm Plaintiff's availability to appear on that date, the hearing was continued to December 10, 2015.

On December 9, 2015, Plaintiff's counsel submitted a Memorandum in support of the entry of judgment to which was attached an expert report detailing the amount of regular and overtime wages that were being sought from G.M.  ECF No. 21, Mem. with attached Aff. of Elana Schulman, CPA, CFE (Schulman Report).  That Memorandum also requested that Plaintiff be excused from presenting live testimony at the hearing.  In a telephone conversation with chambers, Plaintiff's counsel indicated that he was having difficulty locating his client.

On December 10, 2015, this Court denied the motion for default judgment, noting that the underlying data on which Plaintiff's expert based her opinion was inconsistent with the allegations in the Complaint.  Specifically, while Plaintiff

alleged in her Complaint that she worked approximately 55 hours per week, the data provided to the expert to compute her lost wages reflected Plaintiff working 74 hours per week, every single week for the three years prior to filing suit.  While denying the motion, the Court gave Plaintiff's counsel 30 days in which to submit a sworn declaration from Plaintiff regarding her best recollection of hours worked and pay received.  ECF No. 22.  Plaintiff submitted that declaration on January 8, 2016.  ECF No. 23.  In this new declaration, Plaintiff now represents that, with a few exceptions for holidays and personal commitments, she worked 82 hours per week.[1]

It is within the court's discretion to grant default judgment when a defendant does not respond or defend its case.  See Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987).  Here, G.M. was served with the Complaint more than a year ago and has failed to make any response.  Under Rule 8(b)(6) of the Federal Rules of Civil Procedure, any "allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  Thus, for purposes of default judgment, it is established that Plaintiff was an employee of G.M., as opposed to an independent contractor, Compl. ¶ 37, that G.M. had

---

[1] Plaintiff avers that she worked from noon till 8:00 p.m. every Monday through Friday and then worked "a second shift from 8 p.m. through 2 a.m. each and every day of the week."  Id. ¶ 5.

knowledge of the hours she was working, id. ¶ 36, and that she was not paid a minimum wage (in fact, was not paid any wage). Id. ¶ 51.  Therefore, G.M.'s liability under the FLSA and MWHL is established.  As this Court stated in a similar case brought by another exotic dancer,

> [t]he Plaintiffs, as employees, are entitled by law to receive minimum wage under the FLSA and MWHL. Pursuant to the FLSA, "an employer must pay an employee an hourly wage no less than the federal minimum wage[,]" and overtime pay for each hour worked in excess of forty hours per week.  "The MWHL similarly requires that employers pay the applicable minimum wage to their employees and, in [§§ 3-415 and 3-420 of the Labor and Employment Article], that they pay an overtime wage of at least 1.5 times the usual hourly wage" for each hour worked in excess of forty hours per week.

McFeely v. Jackson Street Entertainment, LLC, 47 F. Supp. 3d 260, 276 (D. Md. 2014).

The Court must now determine the amount of damages to be awarded.  Plaintiff has requested that the Court enter judgment based on the evidence presented in Plaintiff's Declaration and the Schulman Report, without holding an evidentiary hearing.  On a default judgment, a court may only award damages without a hearing if the record supports the damages requested.  Monge v. Portofino, 751 F. Supp. 2d 789 (D. Md. 2010).  As noted above, Plaintiff did state, under oath, that she generally worked 84 hours a week and received no wages from her employer, G.M.

4

The Court, however, cannot award damages consistent with Plaintiff's Declaration because the hours Plaintiff now asserts she worked greatly exceed the 55 hours per week that she alleged she worked in the Complaint.

Under Rule 54(c) of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  The rationale behind this provision is that,

> the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action.  It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.

10 Wright & Miller, Fed. Prac. & Proc. Civ. § 2663 (3d ed. 1998).  While the Court can employ the methodology used by Plaintiff's expert in computing her minimum wage and overtime pay and can accept that Plaintiff worked at least 55 hours per week, it's damage computation must be limited to a 55 hour workweek.

Using those hours and the federal minimum wage of $7.25 per hour, Plaintiff is entitled to $45,240 in wages for regular

hours worked for the three years prior to her filing suit.[2] For the 15 hours per week of overtime pay, at one and one half times the minimum wage, or $10.88, Plaintiff is entitled to $25,459.20 in overtime wages. Based on Plaintiff's unchallenged representation that she was paid no wages, whatsoever, for this period, Plaintiff would then be entitled to $70,699.20. The FLSA also provides for mandatory liquidated damages in an amount equal to the unpaid minimum wage and unpaid overtime compensation. 29 U.S.C. § 216(b). Thus, Plaintiff is entitled to an additional $70,699.20 under the FLSA liquidated damages provision, for a total award of $141,398.40.[3]

The Court notes that, while the Complaint was brought under the MWHL as well as the FLSA, Plaintiff's expert calculated damages solely relying on the FLSA. Plaintiff, of course, is

---

[2] While the statute of limitations for FLSA claims is normally two years, where a defendant's conduct is "willful," the plaintiff may recover for the preceding three years. 29 U.S.C. § 255(a). Here, Plaintiff has alleged that G.M. had "actual knowledge that Plaintiff and other exotic dancers were in fact employees and not independent contractors" and "engaged in a widespread pattern, policy and practice of violating the FLSA." Compl. ¶¶ 80, 81. In lieu of G.M's default, the Court accepts these allegations as established and thus applies the three year "willful" limitations period.

[3] Plaintiff's expert calculated "[l]iquidated damages under the FLSA" "by multiplying the loss by '2' (adding a like amount assuming the availability of liquidated damages)." Schulman Report at 3. The expert then seems to suggest that this amount should be added to the amount of actual damages, which would result in a damage award that is three times the actual damages. Id. at 7. That is inconsistent with the provisions of the FLSA.

not entitled to additional damages under the state statute in that, under the "one wrong, one recovery rule" a party may not recover twice for one injury, even if the party asserts multiple, consistent theories of recovery.  See Gen. Tel. Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 333 (1980) ("It ... goes without saying that the courts can and should preclude double recovery by an individual.").  While it is true that, there is a potential for treble damages under the MWHL, treble damages are only awarded upon a showing of consequential damages.  Monge v. Portofino Ristorante, 751 F. Supp. 2d 789, 799-800 (D. Md. 2010).  Here, Plaintiff did not allege consequential damages in her Complaint.

The Court will enter judgment in favor of Plaintiff and against Defendant G.M. in the amount of $141,398.40.  A separate order will issue.

                          _____/s/_____
                          William M. Nickerson
                          Senior United States District Judge


DATED: March 3, 2016